**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
|  | CIVIL ACTION NO. |
| **WOODS HOLE, MARTHA'S VINEYARD AND NANTUCKET STEAMSHIP AUTHORITY,** Plaintiff, | IN ADMIRALTY |
| vs. |  |
| **THOMAS HENRIQUE,** Defendant. |  |

### PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGMENT PURSUANT TO 28 U.S.C. §2201, et. seq. and Rule 57

Plaintiff, Woods Hole, Martha's Vineyard and Nantucket Steamship Authority, alleges:

### JURISDICTION

1. This is an action for declaratory judgment pursuant to 28 U.S.C.A. §§ 2201 to 2202 brought for the purpose of determining a question in actual controversy between the parties, namely Plaintiff, Woods Hole, Martha's Vineyard and Nantucket Steamship Authority's ("hereinafter referred to as "Steamship Authority") obligation, if any, to pay for maintenance and cure, for which Defendant, Thomas Henrique, able bodied seaman, has demanded from Plaintiff vessel owner under the doctrine of maintenance and care, and is an admiralty and maritime dispute within the meaning of Fed. R. Civ. P. 9(h) and the Court.

2

2. Plaintiff seeks declaratory relief on Defendants' admiralty and maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1333.

## PARTIES

3. The Steamship Authority is a body corporate created by chapter 701 of the Acts of 1960 of the Massachusetts Legislature, with principal offices located within this District.  The Steamship Authority is engaged in the business of, *inter alia*, providing passenger ferry service between Cape Cod and the Islands of Nantucket and Martha's Vineyard.

4. The Steamship Authority is now and was the owner/operator of the M/V WOODS HOLE on April 3, 2018.

5. Upon information and belief, the Defendant, Thomas Henrique (hereinafter referred to as "Plaintiff" or "Henrique") is an able-bodied seaman residing in Teaticket, Massachusetts within this District and was a member of the crew of the M/V WOODS HOLE on April 3, 2018.

## FACTS

6. Plaintiff has asserted that on or about April 3, 2018 he sustained a lower back injury while he was a crewmember serving onboard the M/V WOODS HOLE.

7. Plaintiff did not report the injury at that time and continued to work aboard the M/V WOODS HOLE until the completion of his watch.

8. It was not until April 8, 2018 that Plaintiff advised the Steamship Authority that he was unable to work because of an alleged back injury sustained on April 3, 2018.

3

9. On April 9, 2018, Plaintiff first sought medical attention from chiropractor Thomas J. McCormack, DO. Plaintiff stated that his lower back pain started following "a work-related stairway slip on 4-3-18 causing him to land hard on the next step on his left foot."

10. Plaintiff was diagnosed with a lower lumbar and left sacroiliac sprain. Chiropractor McCormack noted that the injury was complicated by his overweight condition. Chiropractor McCormack prescribed treatment 3 times per week for a minimum of 8 weeks consisting of manipulation, electrotherapy, intersegmental traction, massage, continuous passive motion and isotonic exercise.

11. On May 22, 2018, Plaintiff was next examined and it is reported that he is completely disabled from his job due to lumbar strain pending reevaluation on July 17.

12. The Steamship Authority has paid Plaintiff $14,210.00 in maintenance and $9,645.35 in cure and reimbursements to date.

13. Plaintiff continues to demand that Steamship Authority pay maintenance in the amount of $35.00 per day, but has failed to provide accurate documentation to support that amount.

14. Upon information and belief, Henrique is currently employed as a landscaper.

## COUNT I
## ACTION FOR DECLARATORY RELIEF ON AMOUNT OF MAINTENANCE

15. Steamship Authority reiterates and realleges its allegations contained in Paragraph Nos. 1-14 inclusive and incorporates same as if fully set forth herein.

4

16. A seaman bears the burden of presenting evidence to support the sums for food and lodging he spends ashore in order for the vessel owner to calculate his proper maintenance payments. Plaintiff is only entitled to maintenance in the amount of his actual expenses for food and lodging up to the reasonable amount for his locality.

17. Additionally, Plaintiff has the burden of establishing that he is still entitled to cure payments and that he remains Not Fit for Duty.

18. Further, Plaintiff has the burden of establishing that his present medical condition is the result of an incident/injury occurring is service of the vessel in order to be entitled to maintenance and cure benefits.

19. The Steamship Authority seeks a declaration from this Court that it is not obligated to pay maintenance and cure benefits to Plaintiff and/or the rate at which Plaintiff is entitled to maintenance benefits and/or a declaration from this Honorable Court that Plaintiff has reached maximum medical cure if it is determined that he was injured in service of the vessel, which is not admitted by the Steamship Authority.

**WHEREFORE,** Plaintiff, Woods Hole, Martha's Vineyard and Nantucket Steamship Authority, prays that this Honorable Court enter judgment on Count I in favor of Plaintiff and against Defendant, Thomas Henrique, and enter an Order providing the following relief:

    a. A declaration as to whether Plaintiff was injured in service of the vessel;

    b. If so, the proper amount of daily maintenance to be paid to Henrique;

    c. The duration and total amount of maintenance due and owing to Henrique;

5

    d. Return of any and all monies over-paid to Henrique; and

    e. Any other such other relief as in law and justice it may be entitled to receive.

## COUNT II
## ACTION FOR DECLARATORY RELIEF ON OBLIGATION TO PAY MAINTENANCE AND CURE

20. Steamship Authority reiterates and realleges its allegations contained in Paragraph Nos. 1-19 inclusive and incorporates same as if fully set forth herein.

21. A seaman is entitled to maintenance and cure until he is fit for duty or maximum cure is reached.

22. Upon information and belief, Henrique is currently employed as a landscaper.

23. Steamship Authority seeks a declaration from this Court that Henrique is fit for duty to return to work as an able-bodied seaman and therefore the Steamship Authority is no longer obligated to pay maintenance and cure.

**WHEREFORE,** Plaintiff, Woods Hole, Martha's Vineyard and Nantucket Steamship Authority, prays that this Honorable Court enter judgment on Count II in favor of Plaintiff against Defendant, Thomas Henrique, and enter an Order providing the following relief:

    a. The date that Henrique reached maximum medical improvement;

    b. The duration and total amounts of maintenance and cure due and owing to Henrique;

    c. Return of any and all monies over-paid to Henrique because of his receipt of payments in excess of Plaintiff's obligation to provide maintenance and cure; and

    d. Any other such other relief as in law and justice it may be entitled to receive.

6

DATED at Boston, Massachusetts, this 3rd day of July, 2019.

        Plaintiff,
        WOODS HOLE, MARTHA'S
        VINEYARD AND NANTUCKET
        STEAMSHIP AUTHORITY

        By its attorneys,
        **CLINTON & MUZYKA, P.C.**

        "/s/Thomas J. Muzyka"
        **Thomas J. Muzyka**
        **BBO NO: 365540**
        **Robert E. Collins**
        **BBO NO: 555843**
        88 Black Falcon Ave.
        Suite 200
        Boston, MA 02210
        (617)723-9165
        Fax: 617-720-3489
        Email:
        tmuzyka@clinmuzyka.com